IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TAMI LYN SINGLETARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-840-MEF |
| ) | |
| JEROME LEE CANTRELL; SPACE ) | |
| FLOORING & SUPPLIES, INC.; ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE CO.; ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## SPACE FLOORING & SUPPLIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER

COMES NOW Space Flooring & Supplies, Inc. ("Space Flooring"), by and through the undersigned counsel, and in response to this Court's Order of October 1, 2007 (document no. 8), files this Opposition to Plaintiff Tamilyn Singletary's Motion to Transfer this case to the U.S. District Court for the Middle District of Alabama, Southern Division, and states that said Motion to Transfer is not well taken and is due to be overruled and denied. In further support therefore, Space Flooring would show unto this Court as follows:

1. This case was filed in the U.S. District Court for the Middle District of Alabama, Northern Division. Plaintiff chose said forum and venue at the time of the initial filing of the Complaint.

2. Plaintiff's Complaint alleges a vehicle accident in Barbour County, Alabama. (Complaint, ¶8). Barbour County is within the territorial jurisdiction of the Northern

Division of the Middle District of Alabama. Thus, venue is appropriate in the Northern Division of the Middle District of Alabama. 28 U.S.C. §1391(a), the general venue statute in diversity cases, states that venue is appropriate in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

3. Plaintiff's cursory Motion to Transfer does not specify a statutory basis for the transfer motion. Transfer motions are governed by 28 U.S.C. §1404(a), which allows a district court to transfer an action to any other district or division where the action might have been originally brought. Space Flooring does not dispute that this action could have originally been brought in the Southern Division of the Middle District of Alabama. However, Plaintiff has failed to demonstrate any facts justifying a transfer, apart from Plaintiff's residence in Henry County, Alabama.

4. 28 U.S.C. §1404(a) allows a district court to transfer any civil action to a district or division where it might have been brought originally to promote the convenience of the parties and witnesses, and in the interests of justice. Section 1404(a) allows transfer to a more convenient forum, "but not one which is likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964). The Court faced with a motion to transfer must engage in an individualized case-by-case consideration of convenience and fairness. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

5. In this case Plaintiff cannot demonstrate that transferring this case to the Southern Division will promote the convenience of the parties or witnesses, or serve the

interests of justice. Although Plaintiff resides in Henry County, Plaintiff cannot demonstrate that trying this case in the Northern Division of the Middle District will be unduly inconvenient or burdensome for Plaintiff. In addition, Space Flooring is headquartered in Atlanta with its principle place of business in this state in Birmingham. Montgomery is a more convenient venue for Space Flooring. In addition, Space Flooring anticipates that many, if not most, of the witnesses to the accident made the basis of this lawsuit will be Barbour County residents. The Northern Division of the Middle District will be more convenient for any Barbour County witnesses.

6. The determination of whether to grant a motion to transfer is left to the sound discretion of the district court. *Hutchens v. Bill Heard Chevrolet*, 928 F.Supp. 1089, 1090 (M.D. Ala. 1996). This Court should exercise its discretion in favor of denying Plaintiff's Motion to Transfer.

WHEREFORE, for the above-stated arguments and citations to authority, Defendant Space Flooring & Supplies, Inc. prays that this Court will deny Plaintiff Tami Lyn Singletary's Motion to Transfer this case to the U.S. District Court for the Middle District of Alabama, Southern Division, and retain jurisdiction thereover in the Northern Division of the Middle District. Space Flooring additionally prays for such other, further, or different relief to which it may be equitably entitled, whether specifically prayed herein or not.

Respectfully submitted this 10th day of October, 2007.

/s/ Clifton E. Slaten

CLIFTON E. SLATEN (Ala. SLA013)
ATTORNEY FOR DEFENDANT
SPACE FLOORING & SUPPLIES, INC.

**OF COUNSEL:**

**SLATEN & O'CONNOR, P.C.**
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104
(334) 396-8882 (P)
(334) 398-8880 (F)
cslaten@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 10th day of October, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following, and that I have mailed same to non-CM/ECF participants by placing a copy of the foregoing in the U.S. Mail, first-class postage prepaid:

M. Adam Jones
JACOBY & MEYERS, LLC
Post Office Box 5551
Dothan, AL 36302

Joel W. Ramsey
RAMSEY, BAXLEY & McDOUGLE
P.O. Drawer 1486
Dothan, AL 36302

Jerome Lee Contrell
218 28th Avenue
Columbus, GA 31903

/s/ Clifton E. Slaten

**OF COUNSEL**

F:\Gen Litigation\Firemans Fund\Space Flooring & Supplies, Inc\Pleadings\OppositionMotionTransfer.wpd