IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TAMI LYN SINGLETARY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 2:07-cv-840-MEF |
| ) | |
| JEROME LEE CANTRELL; SPACE ) | |
| FLOORING & SUPPLIES, INC.; ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE CO.; ) | |
| et al., ) | |
| ) | |
|     Defendants. ) | |

## ANSWER OF DEFENDANT JEROME LEE CANTRELL

**COMES NOW** the Defendant, Jerome Lee Cantrell (hereinafter referred to as "Defendant") by and through the undersigned counsel, and hereby files this Answer to Plaintiff's Complaint, and states and answers as follows:

## GENERAL AND JURISDICTIONAL ALLEGATIONS

1.    Upon information and belief, Defendant admits the averments contained in Paragraph One (1) of Plaintiff's Complaint.

2.    Upon information and belief, Defendant admits the averments contained in Paragraph Two (2) of Plaintiff's Complaint.

3.    Defendant admits the averments contained in Paragraph Three (3) of Plaintiff's Complaint.

4.    Upon information and belief, Defendant admits the averments contained in Paragraph Four (4) of Plaintiff's Complaint.

5.  Upon information and belief, Defendant admits the averments contained in Paragraph Five (5) of Plaintiff's Complaint.

6.  Upon information and belief, Defendant admits that the Court has jurisdiction based on diversity of citizenship among the parties. Defendant admits that the Plaintiff has plead the proper amount in controversy for the court to have jurisdiction, but the Defendant specifically denies that the amount in controversy is in excess of $75,000.00 and demands strict proof thereof.

## COUNT ONE: NEGLIGENCE, WANTONNESS AND/OR WILLFULNESS

7.  Defendant hereby adopts and incorporates its responses to Paragraphs 1 through 6 as if the same were set forth here *in extenso*.

8.  Defendant denies the averments contained in Paragraph Eight (8) of Plaintiff's Complaint and demands strict proof thereof.

9.  Defendant denies the averments contained in Paragraph Nine (9) of Plaintiff's Complaint and demands strict proof thereof.

10. Defendant denies the averments contained in Paragraph Ten (10) and all subpart contained with Paragraph Ten (10) of Plaintiff's Complaint and demands strict proof thereof.

**FURTHERMORE**, Defendant denies that the Plaintiff is entitled to any relief as requested in the *ad damnum* clause of Count One (1) of Plaintiff's Complaint and demands strict proof thereof. Specifically, Defendant denies that the Plaintiff is entitled to any damages including, but not limited to compensatory, incidental, consequential and punitive damages, costs, attorneys' fees and expenses.

## COUNT TWO: UNINSURED MOTORIST COVERAGE CLAIM

11. Defendant hereby adopts and incorporates its responses to Paragraphs 1 through 10 as if the same were set forth here *in extenso*.

12. The averments contained in Paragraph Twelve (12) do not require a response by Defendant. However, to the extent that the averments of this paragraph may be interpreted as an attempt to impose liability upon Defendant, the Defendant denies same and demands strict proof thereof.

13. The averments contained in Paragraph Twelve (13) do not require a response by Defendant. However, to the extent that the averments of this paragraph may be interpreted as an attempt to impose liability upon Defendant, the Defendant denies same and demands strict proof thereof.

14. The averments contained in Paragraph Fourteen (14) do not require a response by Defendant. However, to the extent that the averments of this paragraph may be interpreted as an attempt to impose liability upon Defendant, the Defendant denies same and demands strict proof thereof.

15. The averments contained in Paragraph Fifteen (15) do not require a response by Defendant. However, to the extent that the averments of this paragraph may be interpreted as an attempt to impose liability upon Defendant, the Defendant denies same and demands strict proof thereof.

16. The averments contained in Paragraph Sixteen (16) do not require a response by Defendant. However, to the extent that the averments of this paragraph may be interpreted as an attempt to impose liability upon Defendant, the Defendant denies

same and demands strict proof thereof.

17.     The averments contained in Paragraph Seventeen (17) do not require a response by Defendant. However, to the extent that the averments of this paragraph may be interpreted as an attempt to impose liability upon Defendant, the Defendant denies

**FURTHERMORE**, Defendant denies that the Plaintiff is entitled to any relief as requested in the *ad damnum* clause of Count Two (2) of Plaintiff's Complaint and demands strict proof thereof. Specifically, Defendant denies that the Plaintiff is entitled to any damages including, but not limited to compensatory, incidental, consequential and punitive damages, costs, attorneys' fees and expenses.

## DEFENSES AND AFFIRMATIVE DEFENSES

Alternatively, and without waiving the foregoing, Defendant responds and answers as follows:

### FIRST DEFENSE

Defendant pleads not guilty to the matters alleged in Plaintiff's Complaint.

### SECOND DEFENSE

Defendant affirmatively allege that some or all of the Plaintiff's claims and/or damages are barred by the doctrine of contributory negligence.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Defendant affirmatively alleges that some or all of the Plaintiff's claims or damages, if any, are barred by the doctrine of assumption of the risk.

### FIFTH DEFENSE

Defendant affirmatively alleges that the Plaintiff has failed to mitigate her alleged damages.

### SIXTH DEFENSE

Defendant denies that it is guilty of negligence and/or wantonness as alleged in Plaintiff'ies Complaint, and deny further that any such alleged negligence proximately caused or proximately contributed to the alleged injuries and alleged damages as referred to in Plaintiff's Complaint.

### SEVENTH DEFENSE

Defendant denies that they, their agents and/or employees were guilty of negligence and/or wantonness as alleged in the Plaintiff's Complaint, and denies further that any alleged acts or omissions alleged by Plaintiff to constitute negligence proximately caused or contributed to the alleged injuries referred to in Plaintiff's Complaint.

### EIGHTH DEFENSE

Defendant affirmatively alleges that some or all of the Plaintiff's injuries and/or damages, if any, were caused by the acts or omissions of other persons or entities over whom/which this Defendant had no dominion or control and for whose conduct this Defendant bears no legal liability or responsibility.

### NINTH DEFENSE

Defendant specifically denies and demands strict proof of any and all allegations in the Plaintiff's Complaint not otherwise admitted or denied above.

### TENTH DEFENSE

Defendant avers that some or all of the claims of the Plaintiff are or may be barred by the doctrines of waiver and/or estoppel, and spoilation of evidence.

### ELEVENTH DEFENSE

Defendant denies that it breached any duty, statutory or otherwise allegedly owed to Plaintiff.

### TWELFTH DEFENSE

Plaintiff's claims for punitive damages violate the Defendant's constitutional rights guaranteed by the Eighth Amendment of the Constitution of the United States of America in that said claims constitute an illegal fine.

### THIRTEENTH DEFENSE

Plaintiff's claims for punitive damages violate the Defendant's rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are attempts to acquire the property of this Defendant, through state action, without due process of law.

### FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages violate the Defendant's rights guaranteed by the Fourteenth Amendment of the Constitution of the United States of America in that said claims are vague and not rationally related to legitimate government interests.

### FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages violate the double jeopardy clause of the Constitution of the United States of America.

### SIXTEENTH DEFENSE

The imposition of punitive damages against this Defendant would violate the due process clause of the Constitution of the United States and the due process clause of the Alabama Constitution.

### SEVENTEENTH DEFENSE

Any claim for punitive damages or damages for mental anguish against this Defendant cannot be sustained because an award of such damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or appropriate size of a damages award, (2) is not instructed on the limits on damages imposed by the applicable principle of deterrence and punishment, (3) is not expressly prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate the Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama Constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### EIGHTEENTH DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained

because of an award of damages without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the Fourteenth Amendment of the United States Constitution.

### NINETEENTH DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained, because any such award of damages would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama Constitution provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

### TWENTIETH DEFENSE

Plaintiff's claims for punitive damages violate this Defendant's rights as guaranteed by the Fifth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, yet this Defendants may be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

### TWENTY-FIRST DEFENSE

Plaintiff's claims for punitive damages violate this Defendant's rights guaranteed by the Constitution of the State of Alabama in that they are penal in nature yet require a burden of proof by Plaintiff which is less than beyond a reasonable doubt.

### TWENTY-SECOND DEFENSE

Plaintiff's claims for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty,

property, except by due process of law, in that the punitive damages are vague and are not rationally related to legitimate government interests.

### TWENTY-THIRD DEFENSE

Imposition of punitive damages in this action against this Defendant without a statutory limit as to the amount of said damages violates the Due Process Clause and the Defendant's guarantee of equal protection as required by the Constitution of the State of Alabama.

### TWENTY-FOURTH DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained because an award of damages under state law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

### TWENTY-FIFTH DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained because an award of damages under Alabama law without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama

constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

## TWENTY-SIXTH DEFENSE

Any claim for punitive damages against this Defendant cannot be sustained, because any such award of damages exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution and the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages violate Article I, Section 6 of the Constitution of the State of Alabama in that they are penal in nature, yet this Defendant may be compelled to disclose potentially incriminating documents in evidence and to testify against itself.

## TWENTY-EIGHTH DEFENSE

This Defendant affirmatively states that any award of punitive damages is governed and limited by Alabama Code § 6-11-21.

## TWENTY-NINTH DEFENSE

Defendant reserves its right to amend this Answer as justice may require and in accordance with information obtained hereafter.

Respectfully submitted this the 26th day of November, 2007.

/s/ Clifton E. Slaten
CLIFTON E. SLATEN (Ala. SLA013)
ATTORNEY FOR DEFENDANT
JEROME LEE CANTRELL

OF COUNSEL:
SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104
(334) 396-8882 Telephone
(334) 398-8880 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 26th day of November, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following, and that I have mailed same to non-CM/ECF participants by placing a copy of the foregoing in the U.S. Mail, first-class postage prepaid:

M. Adam Jones
JACOBY & MEYERS, LLC
Post Office Box 5551
Dothan, AL 36302

Joel W. Ramsey
RAMSEY, BAXLEY & McDOUGLE
P.O. Drawer 1486
Dothan, AL 36302

Jerome Lee Contrell
218 28th Avenue
Columbus, GA 31903

/s/ Clifton E. Slaten
OF COUNSEL

F:\Gen Litigation\Firemans Fund\Space Flooring & Supplies, Inc\Pleadings\Answer Jerome Lee Cantrell.wpd