IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMI LYN SINGLETARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:07-cv-840-MEF |
| | ) |
| JEROME LEE CANTRELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND O R D E R**

This cause is before the Court on Plaintiff's Motion to Transfer (Doc. # 6), filed on September 28, 2007. Plaintiff brought this case in the Middle District of Alabama on September 17, 2007, but did not specify a division of this district[1] in the Complaint (Doc. # 1). The case was by default set in the Northern Division. Plaintiff now seeks to transfer the case to the Southern Division because she is a resident of Henry County, Alabama, which lies in the Southern Division. Defendant Space Flooring & Supplies, Inc. ("Space Flooring") filed a brief in opposition to Plaintiff's motion (Doc. # 10).

Venue is proper in the Northern Division because the vehicle accident that gave rise to this case occurred in Barbour County, Alabama, which is in the Northern

---

[1] The Middle District of Alabama contains three divisions: Northern, Eastern, and Southern.

Division.² 28 U.S.C. § 81(b)(1). Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfers under § 1404(a) require the Court to make an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). The moving party bears the burden of demonstrating that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989). Section 1404(a) allows transfer to a more convenient forum, "but not one which is likely to prove equally convenient or inconvenient." *Van Dusen*, 376 U.S. at 645-46.

Transfers to another division of the same district also are governed by § 1404(b), which does not require a balancing of convenience and fairness: "Upon motion, . . . any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." § 1404(b).

The facts before the Court are unusual because, based on the fact that Plaintiff moved to transfer venue only eleven days after filing a Complaint, Plaintiff appears to have intended to file this case in the Southern Division. In her motion to transfer, Plaintiff once again failed to be specific because she did not specify whether the motion

---

² *See* 28 U.S.C. § 1391(b)(2) (A case based on diversity may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").

was brought pursuant to § 1404(a) or § 1404(b).  The Court will consider the motion under both subsections.

Under § 1404(a), the Court must consider convenience and fairness.  With respect to convenience, the fact that favors granting Plaintiff's motion is that Plaintiff is a resident of Henry County, which is in the Southern Division.  The facts that favor denying Plaintiff's motion are that Defendant Space Flooring is headquartered in Atlanta and its principal place of business in Alabama is in Birmingham, which makes the Northern Division more convenient for Defendant.  Furthermore, the vehicle accident that gave rise to this case occurred in Barbour County, Alabama, which is in the Northern Division. Defendants argue that the Northern Division is more convenient for witnesses, although Defendant overlooks the fact that the courthouse of the Northern Division and Southern Division are similarly distant from Barbour County.  Under the standard of § 1404(a), Plaintiff has not shown that the Southern Division is a more convenient forum than the Northern Division.  At best, Plaintiff has shown that the Southern Division is equally convenient.

The interest of fairness does not favor either Plaintiff or Defendant Space Flooring.  It is not fair for Plaintiff to have to litigate in an inconvenient division because of an omission by Plaintiff's attorney.  However, it is also unfair for Defendant to have to move to an inconvenient forum when the case was initially set in a convenient forum and there are no factors that favor transfer.  Therefore, to the extent that Plaintiff's motion is

brought pursuant to § 1404(a), it is due to be DENIED.

Under § 1404(b), the Court has broad discretion to transfer a case to another division. The Court will not exercise this discretion in favor of Plaintiff because the interests of convenience and fairness do not favor Plaintiff.

Accordingly, it is hereby

ORDERED that the Motion to Transfer (Doc. # 6) is DENIED.

Done on this the 18th day of December, 2007.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE